FLORENCE CLUSMAN and JOSEPH JAUCH, complainants-respondents,

*v.*

WALL-MURRAY CORP., a corporation, &c., and SYDNEY J. HOLLANDER, defendants-appellants, PEARL K. FERGUSON, RALPH R. FERGUSON, her husband, and ESSEX TITLE GUARANTEE AND TRUST COMPANY, defendants-respondents, SPRING REALTY Co., a corporation, defendant.

[Argued February 11th, 1943. Decided May 13th, 1943.]

*Mr. David T. Wilentz* and *Mr. Harold N. Gast,* for the defendants-appellants.

*Messrs. Rothbard, Greenstone & Harris,* for the complainants-respondents.

*Messrs. Grossman & Nudelman* and *Mr. Aaron Marder,* for the defendants-respondents Pearl K. Ferguson and Ralph R. Ferguson.

*Messrs. Boyd, Dodd, Keer & Booth,* for the defendant-respondent, Essex Title Guarantee and Trust Company.

The opinion of the court was delivered by

Donges, J.

The decree under appeal was entered on November 17th, 1942, on a bill for specific performance of an agreement to convey real estate. There were six defendants, Wall-Murray Corp. and Sydney J. Hollander, defendants-appellants; Pearl K. Ferguson and Ralph R. Ferguson, her husband; Essex Title Guarantee and Trust Company and Spring Realty Co.

On the 8th day of September, 1941, the complainants entered into a written agreement with defendant-appellant Wall-Murray Corp., by which it agreed to sell and complainants agreed to purchase the lands and premises in question, known as No. 35 Benvenue Avenue, West Orange, New Jersey, for the sum of $9,350, title to pass by warranty deed, free and clear of encumbrances, on September 30th, 1941. The agreement provided that a deposit of $500 should be made by complainants to Wall-Murray Corp.; that the Wall-Murray Corp. was to secure a first mortgage in the amount of $3,000; complainants were to pay the sum of $5,850 in cash on delivery of the deed, and also were to pay $100 to the vendor to cover the cost of title search; lawyer's fees and survey. Complainants paid the $500 on execution of the contract. The contract did not expressly make time of the essence.

It appears that Wall-Murray Corp. was controlled by defendant-appellant Syndey J. Hollander, who also was in control of Spring Realty Co. which held title to the property here involved. There were three houses, known as Nos. 33, 35 and 37 Benvenue Avenue, West Orange, New Jersey, constructed by Hollander for one or the other of the corporations controlled by him. Spring Realty Co. had title to the property but the sales were made through Wall-Murray Corp.

Some time prior to September 23d, 1941, Hollander had the opportunity to sell two of the properties, namely, 35 and 37 Benvenue Avenue, to the defendants Fergusons and to a friend of the Fergusons, named Kendall, upon express condition, however, that the sale of either property was dependent upon the sale of both properties, they being adjoining, to these friends. Thereupon Hollander attempted to sell No. 33 Benvenue Avenue; which was held for sale at more than a thousand dollars higher than either of the other properties, to the complainants, but they objected that they did not want to pay the price asked.

On September 23d, 1941, seven days prior to the time mentioned in the complainants' contract for the passing of title, Wall-Murray Corp. entered into a contract with defendants Fergusons to sell them the premises sold to complainants for the sum of $9,475, title to pass on October 10th, 1941. This contract provided for a deposit of $900, which was made, and a first mortgage to be obtained by the seller for $2,500 and the balance of $6,075 to be paid in cash on delivery of the deed.

The testimony leaves no doubt that Hollander was trying to put pressure on for an immediate settlement by the complainants, with the knowledge that such settlement could not be effected and in the hope that complainants would either yield to his desire and purchase No. 33 Benvenue Avenue, in which event he would dispose of the three properties, or, at the worst, would withdraw and permit him to sell at least two properties. He first insisted that the settlement take place on September 30th, and, when told that was impossible, he fixed October 3d, as the time for settlement and injected into his notice that time was of the essence. Meantime, he

entered into the contract wtih the Fergusons on September 23d, for sale for $9,475, which was $125 more than he agreed to sell to complainants, and fixed the time for settlement as October 10th, 1941. This contract contained a provision that:

"It is expressly understood that this agreement of purchase is made (on an if and when basis), that in the event the party of the first part is able to terminate an agreement made September 8th, 1941 with one Joseph Jauch et als., for the sale of premises known as Lot 63 in Block 158 A on a certain map of August Kindsgrab and known as No. 35 Benvenue Avenue, West Orange, N. J., on or before the date of October 10th, 1941. In the event the party of the first part is unable to terminate the aforesaid agreement, then the full sum of $900.00 is to be returned to the party of the second part without costs or damages to either party."

A few days before September 30th, complainants became suspicious and consulted Mr. Rothbard, who represented them in this suit. Mr. Rothbard notified appellants that settlement could not be made on September 30th because an examination of the title had not been completed and that the same reason applied to the fixing of October 3d for settlement. Despite this and despite the fact that Hollander or Wall-Murray Corp. was under the duty of supplying a title search, a lawyer and a survey, these things were not supplied prior to October 3d. Hence it is clear that the vendor had not performed its part of the contract on October 3d. The seller was also under contract to provide a first mortgage of $3,000, and it may be significant that the form of bond and mortgage offered by defendants in evidence, as the one to be executed by complainants, was to Wall-Murray Corp., as mortgagee, while the mortgage of Fergusons, dated October 4th, 1941, for $2,500 was to Essex Title Guarantee and Trust Company at whose offices the settlement took place. In view of Hollander's testimony that they were in need of money, and hence the urge to make the sale to Fergusons and Kendalls, it is not unlikely that no arrangements for the complainants' mortgage were ever made. The forms were to be used for evidence.

On October 4th, 1941, settlement was made with the Fergusons and a deed was delivered by Wall-Murray Corp. for

the property in question. The deed from Spring Realty Co., which held the title, was dated September 6th, 1941, but was not recorded until October 6th, 1941, after the settlement with Fergusons, at which time the deed to Fergusons was also recorded.

It is clear that, under the facts, time was not of the essence of the contract. If it had been, the vendor had not complied with the terms of the contract by furnishing the things required of it by the contract.

By the decree it is ordered that the agreement between the complainants and Wall-Murray Corp. be specifically performed; that Fergusons execute and acknowledge and deliver to Wall-Murray Corp. a good and sufficient deed of conveyance for the property; and that, immediately thereafter, Wall-Murray Corp. convey to complainants. It is further provided that complainants execute a mortgage for $2,500 although the agreement called for $3,000; that the complainants pay to Fergusons the balance of the purchase price which they were required to pay Wall-Murray Corp. for the property, after deducting counsel fee of $250 and their costs; that Fergusons pay interest on the existing mortgage; that Wall-Murray Corp. and Hollander, jointly and severally, pay to the Fergusons the difference between the moneys to be paid by the complainants to the Fergusons and the amount paid by the Fergusons to Wall-Murray Corp., together with a sum of $264.50, moneys expended by the Fergusons in improving the property. It further provided that the amount of the mortgage executed by Fergusons be paid to defendant Essex Title Guarantee and Trust Company by Wall-Murray Corp., or that the parties have leave to agree to permit the mortgage to remain. The complainants have stated that they do not desire any mortgage and will pay the entire consideration in cash upon delivery of deed.

We conclude that the factual situation warrants the decree for complainants' relief. Fergusons assert that they were innocent parties and that, while they had knowledge of complainants' contract, they were advised and had every reason to take the statement of Hollander that the time had expired and the contract with the complainants was no longer in

force. There is no reason to question the good faith of these defendants, but the obvious answer is that they did not, although on notice, inquire from the persons interested as to their purpose and intentions. If they had done so, they undoubtedly would have been informed that the complainants were insisting upon performance. The complainants had not lost their rights in the contract and the Fergusons acted at their risk, particularly in view of the recording of the agreement of complainants.

Appellants urge that no relief should have been awarded to Fergusons because their claim was cognizable at law. In the situation, Fergusons were necessary parties to the bill and the relief accorded them, on their counter-claim, was the inevitable outgrowth of the situation developed by the appellants in their utter disregard of the complainants' rights. Complainants could be afforded the entitled relief only in equity, and it was clearly in the competence of the court to adjudicate all questions necessary to a complete determination of the rights of all the parties in interest.

Appellants also urge that the decree against Hollander individually cannot be sustained. The testimony discloses that Hollander was the active person throughout the transaction. He testified, in answer to questions of Vice-Chancellor Stein, that Wall-Murray Corp. and Spring Realty Co. are "family" concerns, but declined to answer the Vice-Chancellor's inquiry as to such holdings. His attitude on the stand was one of evasion and cupidity and false swearing. It is obvious that the corporations were mere dummies for Hollander; that it was Hollander who was responsible for the unfortunate situation; and that Hollander as the owner of the corporations involved was the person who would profit and therefore should be bound by the decree to restore the persons injured to their proper positions.

Appellants also urge that complainants should be decreed to pay the $100 provided in the agreement of sale for search, survey and legal fees. The obvious answer is that these things were not supplied by appellants, but complainants were obliged to procure them.

The result reached on the appeal of Hollander and Wall-Murray Corp. renders it unnecessary to deal with the attempted appeal of the Fergusons.

The decree under review is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 13.

*For reversal*—None.